Common Pleas Court of Stark County.

EDGAR J. MARCH V. CURTIS N. WADE, ET AL.

Decided February 6, 1929.

*Denver C. Hughes*, for plaintiff.
*Loren E. Souers*, for American Guaranty Co.
*Henderson H. Carson*, for C. N. Wade.

AGLER, J.

In this action the plaintiff, the owner of the fee and the lessor in a 99-year lease, executed originally to the A. H. Slusser Investment Co. and one Curtis N. Wade, as lessees, under date of October 22, 1922, and under which lease said lessees entered into possession and retained possession until January 21, 1925, at which time lessee Wade assigned his interest to the A. H. Slusser Investment Co. Said A. H. Slusser Investment Co. was in possession of said lease until April 20, 1925, at which time said company assigned to Mr. P. O. McCully. Said P. O. McCulley was in possession of said lease until August 25, 1927, at which time he assigned his interest to the A. H.

Slusser Investment Co. On December 24, 1927, the A. H. Slusser Investment Co. by deed of assignment for benefit of its creditors conveyed said lease to Russell J. Van Nostran as assignee. Said lease provided for improvements of not less than $20,000.00 to be completed upon said lease within three years. This was not done, and the plaintiff agreed with said A. H. Slusser Investment Co. and McCully that the completion of said improvements should be extended to May 1, 1927. The lease contained a covenant for rent providing that

"Said lessees shall pay or cause to be paid as the agreed rental consideration and value for said property, all taxes, assessments, fire insurance premiums, water rents and penalties thereon, if any, that may be due or become due and payable after the date of execution of this lease, against said lot and any building or part thereof, now or hereafter erected thereon, together with a money payment to said lessor of the sum of $8500.00 per year, the same to be paid in monthly installments of $708.33-1/3, payable on or before the 10th day of each month, commencing with the month of November, 1922, and making payment each and every month, regularly and consecutively, during the whole period of this lease."

The said lease also contained a forfeiture clause. The plaintiff claims in his petition that the said P. O. McCully failed and neglected to make the improvements in the sum of $15,000.00 as provided in said lease. That he also failed and neglected to pay the taxes due in December 1926 and June 1927. Also that he failed and neglected to pay the special street assessments falling due in December 1926. That the said A. H. Slusser Investment Co. and the said Russell J. Van Nostran as assignee failed and neglected to pay the taxes which were delinquent in December 1927 and those which fell due in December 1927 and in June 1928, as well as the special assessments that were delinquent and fell due in December 1927, and that Russell J. Van Nostran as assignee has not paid the rents which were due and payable from November 1927 to and including May 1928, amounting to $4858.33, and that the said Russell J. Van Nostran as assignee collected rents from said premises amounting to $2222.50.

That on June 8th, 1928 said lease was forfeited. That all of the taxes and special assessments with penalties were paid by this plaintiff on June 30, 1928. The plaintiff claims that the A. H. Slusser Investment Co. and Curtis N. Wade as the original lessees under said lease and the A. H. Slusser Investment Co. as assignee thereof are liable for rents, taxes, etc. for approximately $30,000.00. That P. O. McCully as assignee of said lease is liable for a sum in excess of $20,000.00. Plaintiff also claims that under the terms of said lease The American Guaranty Co. executed to the plaintiff its bond in the sum of $15,-000.00 conditioned that the said P. O. McCully shall erect improvements on said premises of not less than $15,000.00 and faithfully pay the rents of said lease provided for a period of ten years, and shall well and truly perform all of the covenants, agreements and conditions of said lease for a period of ten years. That the A. H. Slusser Investment Co. executed a surety bond with A. H. Slusser and George F. Ebel as sureties thereon under the provisions of said lease for $15,000.00, conditioned that the A. H. Slusser Investment Co. shall well and truly pay or cause to be paid to the said Edgar J. March the rent aforesaid and shall faithfully keep and perform all the covenants and agreements on its part to be performed under said lease. Other allegations in the petition as to the liability of the various defendants are set forth, and the plaintiff prays judgment against the defendants as follows:—

The A. H. Slusser Investment Co. and Curtis N. Wade and Russell J. Van Nostran, as assignee, for the sum of $26,676.58, with interest on $5,698.68 thereof at 8% from June 30, 1928, and with interest at 6% on $708.33-1/3 thereof from each one of the following dates, to-wit:— From November 1 and December 1, 1927, and from January 1, February 1, March 1, April 1 and May 1, 1928.

Against P. O. McCully for the sum of $18,217.08, together with interest at 8% from June 30, 1928, on $2,797.51 thereof.

Against the American Guaranty Company for the sum of $15,000.00.

Against A. H. Slusser and George F. Ebel each for the

sum of $8,879.06, together with interest on $2,901.16 thereof at 8% from June 30, 1928, and together with interest at 6% on $708.33-1/3 thereof from each one of the following dates, to-wit:—From November 1 and December 1, 1927, and from January 1, February 1, March 1, April 1 and May 1, 1928.

To this petition the defendant The American Guaranty Co. demurs to the petition for the reasons that:—

1. There is a misjoinder of parties defendant.
2. Several causes of action are improperly joined.
3. Separate causes of action against several defendants are improperly joined.

And the defendant Curtis N. Wade demurs to the petition upon the following grounds:—

1. That the petition does not set out facts sufficient to constitute a cause of action against this defendant.
2. That there is a misjoinder of parties defendant.
3. That several causes of action are improperly joined.

It seems to the court that this matter will be disposed of upon the question of joinder of causes of action and the joinder of parties. From the briefs of the parties and from the authorities cited therein set forth, we notice that both parties are familiar with the code provisions as to joinder of actions and joinder of parties.

Section 11306, General Code, provides:

"The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:
"1. The same transaction.
"2. Transaction connected with the same subject of action.
"3. Contracts, express or implied."

There are six other classes enumerated, but by no interpretation can the right to join come under those classes. The confusion in the construction of this statute grows out of the interpretation of "With the Subject of Action."

As to the demurrer of the Guaranty Company, we have very little trouble disposing of that matter. We are of the opinion that the Guaranty Company, which was surety for the assignee P. O. McCully, has a separate liability

arising upon a separate contract upon the subject of the performance of the liabilities imposed upon P. O. McCully; that under no interpretation of this bond, as set out in this petition, can there be a judgment against this surety company unless there is a judgment against the principal, P. O. McCully, and we are of the opinion that this defendant is improperly joined and that the demurrer should be sustained.

Now, as to the joinder of the various other defendants —the original lessees under the lease and their assignees thereunder. What is the liability and what are the rights of the lessor in regard thereto? Without going into this matter at great length, we believe it to be pretty well settled in Ohio that where an express contract of lease fixes the liability of the lessees under said lease for the rent accruing during the continuance of the lease, that the lessee is bound unless the terms of the lease expressly release him upon assignment and the acceptance of the assignee by the lessor. This lease contains the covenant binding upon the lessees to pay or cause to be paid the rental consideration, taxes and other matters set forth in the lease during the continuance of the term, and we find no provision exempting these lessees upon the assignment of the lease. The execution of the surety bonds by the assignee of the lessees is an additional security to the lessor and is for the benefit of the original lessor and the original lessees. An assignee of the lessee is bound for the covenants and liabilities under the lease during the term for which he takes possession of said property.

In *Sutliffe* v. *Atwood*, 15 O. S. 186, and *Lodge* v. *White, et al.*, 30 O. S. 569, and *Taylor* v. *Debus, et al.*, 31 O. S. 468, it has been established as the law of Ohio that the lessor may maintain an action for rent against his lessee on an express covenant to pay rent during the term contained in the lease and against the assignee of said lessee, and that he may at his election pursue either or both for the payment of the rent and the other requirements under said lease.

36 C. J. Landlord and Tenant page 371, we find this text:

"The assignment of a lease does not annul the lessee's

obligation on his express covenant to pay rent, even though the lessor has assented to such assignment, and collected rent from the assignee, unless the lessor has accepted the surrender of the lease and released the original lessee, upon a sufficient consideration; and this liability extends to the personal representatives of a lessee who dies after the assignment of the lease. The effect of the assignment may be said to be to make the lessee a surety to the lessor for the assignee, who as between himself and the lessor is the principal, bound while as assignee, to pay the rent and perform the covenants, and the lessee is not entitled to notice of default of the assignee to pay the rent."

And on page 375 under further discussion of this same subject matter the author says:—

"Nothing but an agreement, express or implied, binding in law, will relieve the assignee from such liability. Thus the lessor may expressly agree that the assignee shall incur no personal liability for the rent, and that he will look solely to the lessee therefor, and in such a case the assignee incurs no liability to the lessor."

It will be noticed that there are no provisions set forth in this lease relieving the assignees from liability or divesting the lessor of his right to pursue the original lessees and any of the assignees thereunder for that portion of the rents and liabilities for which the parties are jointly liable. A lessee and an assignee of the lessee may be joined, although the lessee may be liable under the lease for the rent for a greater and longer term than the assignee. They are jointly liable under the original lease.

In Tiffany on Landlord and Tenant under a discussion of actions for rent and under the title of "Party Defendant," Section 294, the author discusses the liability under a covenant for the payment of rent and on page 1835 says:

"In case of an assignment of the leasehold either the lessee or the assignee is a proper party defendant to an action for rent, the first being liable by reason of privity of contract, and the second by reason of privity of estate. The landlord may at common law sue at his election, either the lessee or the latter's assignee, the former in covenant on the privity of contract, the latter either in debt on the

privity of estate, or in covenant, on the privity of contract based on the privity of estate. If, however, he sues both the lessee and the latter's assignee, he can issue execution against one of them only. In case the lessee assigns the leasehold interest in part of the premises, the assignee is as before stated liable in proportion to the value of the premises of which he becomes the tenant and is a proper defendant in an action to enforce such liability. He may be sued without the joinder of those who may be liable for the balance of the rent as being tenants of the other part of the premises, and it would seem that it is improper to join them, the liability of each for his share of the rent being several and independent of that of the others."

And a further discussion of guarantors and sureties is set forth on page 1837, wherein the author says:—

"At common law a guarantor of the performance by the lessee of his contract to pay rent cannot be joined with the lessee or tenant in an action for rent, the contract of guaranty being entirely separate from the contract for rent. On the other hand, one who enters into a contract of suretyship for the lessee's performance of his covenant may be sued jointly with the latter, unless the liability of the principal and surety is expressly made several and not joint, and if it is joint and not several, nor joint and several, they must be sued together as must any joint contractors. The rule that a guarantor cannot be joined with a principal debtor as a joint defendant has in some states been regarded as changed by the statutory provision, frequently found, that two or more persons severally liable upon the same written instrument or obligation may all be included in one action at the option of the plaintiff, and it has accordingly been decided that under such a statute a lessor may join in one action the lessee and one who guaranteed the performance of the lessee's performance by words to that effect in the instrument of lease which was signed by him."

The matter set forth in this action has more or less complications. The liabilities of the parties resting wholly and solely upon the lease and growing out of the covenants therein, may be joined in such causes of action wherein it affects all of the parties, either primarily or as a secondary liability.

As to the first demurrer set forth by the defendant Curtis N. Wade that "said petition does not set out

facts sufficient to constitute a cause of action against this defendant," we are of the opinion that that should be overruled, and that the second ground that "there is a misjoinder of parties defendant" should be sustained in that there are improperly joined in this action several parties defendant. The sureties on the bond given for P. O. McCully and on the bond given for the A. H. Slusser Investment Company are separate and distinct obligations and cannot be joined,—they cannot be under any rule of law as to procedure.

We would not deny to Edgar J. March full relief as to all rents, damages and benefits which accrue to him under his lease. There may be a multiplicity of suits, but this is not a doctrine that can aid in a misjoinder of defendants in an action at law. It is a doctrine of equity jurisdiction and there are other things to be considered in connection with that doctrine, such as the "adequacy of the remedy at law," the circumstances of the parties, and the justice of all parties. In proper joinder at law the cause of action must affect all the parties to the action; in other words, a lessee under a lease may be liable for the rent for the entire term and his assignee for that part of the term for which he held and occupied. But one recovery of rent for the entire term is all that the lessor can have under his lease. The doctrines of "contribution," "subrogation," etc. are principles of equity to be applied and are not matters for consideration on a question of "joinders of parties" or "joinders of actions," as we have now under consideration.

The lessor should bring such actions, under the law, as will afford him full relief, and join in the action such persons as are permitted under our Code. He may have to bring one or more actions to do so. Let him be not concerned with "subrogation" or "contribution," as it may later arise. He should seek his own relief in every manner proper to get it.

We find this petition has a defect in the "misjoinder of parties defendant" and in "misjoinder of causes of action."

Demurrer sustained with leave to plaintiff to file an amended petition.